UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK HORTON,

       Plaintiff,                        Case No. 06-13410

vs.

                                          Honorable Nancy G. Edmunds
                                          Honorable Steven D. Pepe

KARMANOS CANCER INSTITUTE,
A Michigan Nonprofit Corporation,
DR. DAVID EILENDER, in his individual and Official
Capacities as an employee of KARMANOS
CANCER INSTITUTE, Jointly and Severally,

       Defendants.
_____/

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S SIGNED MEDICAL AUTHORIZATIONS AND DEFENDANTS' MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE, FOR DISMISSAL (DKT. #8, #11)**

      This is a civil action, wherein Plaintiff alleges that on or around December 23, 2003, Defendant, Dr. David Eilender breached the physician/patient privilege and confidentiality by the disclosure of Plaintiff's medical condition of Human Immunodeficiency Syndrome, to an employee of the Detroit Medical Center and/or an investigator from the Michigan Attorney General's Health Care Fraud Unit, allegedly resulting in intentional infliction of emotional distress.  On October 18, 2006, Defendants filed their Motion to Compel Plaintiff's Signed Medical Authorizations (Dkt. #8).  On October 26, 2006, Defendants also filed a Motion for Sanctions, Or In The Alternative, For Dismissal (Dkt. #11).  Defendants' motions were referred

1

for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A).  For the reasons stated below **IT IS ORDERED THAT**:

1.      Defendants' Motion to Compel has been resolved as it pertains to Defendants' current request for Plaintiff's signed medical authorizations.  In Defendants' Statement of Resolved and Unresolved Issues, they indicate that the parties have been able to resolve Defendants' Motion to Compel, as it has been confirmed by Defendants' medical service that Plaintiff has provided them with signed medical authorizations and releases for Plaintiff's medical, insurance and employment records requested to date.  Therefore, there is no further action required by the Court as to that request.

2.      Defendants' Motion to Compel is **DENIED** as it pertains to a general court order that will compel Plaintiff to provide signed medical authorizations within fourteen days of any future requests by Defendant.  Local Rule 7.1 requires that the movant ascertain whether the contemplated motion will be opposed.  If the concurrence is not obtained, the motion must state there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion and its legal basis.  There is no such statement in either motion regarding future medical authorizations.  Thus, a general court order requiring that Plaintiff submit without consultation to all of Defendants' requests for medical authorizations would frustrate the purpose of Local Rule 7.1.  Moreover, Local Rule 37.2 requires that any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion.  Clearly, a general court order would also violate the provisions of Local Rule 37.2, as it would not require Defendants to

file the verbatim recitation required by the rules. Therefore, Defendants request for unidentified medical authorizations is denied.

   3. Defendants seek that sanctions be imposed on Plaintiff for failure to respond in a timely manner to its discovery requests. On August 31, 2006, the Court issued a scheduling order during the parties Rule 26(f) conference. The parties were to exchange witness lists on or before October 16, 2006. Defendants note in their memorandum in support of their motion for sanctions that as of October 26, 2006, Plaintiff's attorney has not filed Plaintiff's witness list with the Court, nor has he provided a witness list to Defendants. There is no indication he has sought an extension. In addition, Plaintiff has failed to provide any reason why he delayed providing Defendants' attorney with signed medical authorizations regarding the issues specified. Defendants sent Plaintiff's attorney correspondence regarding blank unsigned medical authorizations for release of information on three separate dates, all of which were ignored by Plaintiff's counsel. Indeed, Defendants had to file a motion to compel Plaintiff's signed medical authorizations before the parties were able to resolve the matter.

  Rule 37 provides provisions for sanctions relating to a parties failure to make disclosures or cooperate in discovery. Rule 37 (a)(4) regards sanctions for motions to compel and states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in the making the motion, including attorney fees.

  In this case, Plaintiff has failed to comply with a scheduling order regarding identifying witnesses. The purpose of this October 16, 2006, deadline is to afford Defendants an opportunity to undertake discovery concerning such witnesses before the January 2, 2007, close

of discovery. Having failed to disclose witnesses by the October 16, 2006, deadline nor seeking an extension, Plaintiff has relinquished his right to call witnesses to testify in absence of a further order of this Court. No further sanction is needed on this failing at this time.

Regarding the delay in signing medical authorizations for Defendants to obtain and inspect Plaintiff's medical records, Plaintiff has "fail[ed] to permit inspections [of his medical records] as requested" within the meaning of Fed. R. Civ. P. 37(a)(2)(B), which authorized Defendant to file their October 18, 2006, motion. Plaintiff did not respond in a timely fashion to Defendants' requests for the authorizations nor did they provide adequate reasons why they failed to do so. Plaintiff did not submit his signed medical authorizations until Defendants' filed their Motion to Compel. Moreover, Plaintiff and his attorney have failed to provide the Court with a response to either Defendants' Motion to Compel or its Motion for Sanctions and thus failed to avail themselves of the opportunity to be heard on why monetary sanctions under Rule 37(a)(4) are not appropriate. By providing the signed medical authorizations only after Plaintiff's Motion to Compel was filed Plaintiff has failed to cooperate in discovery and sanctions are appropriate for the reasonable expenses incurred in making these motions. Therefore, Plaintiff's Motion for Sanctions is **GRANTED IN PART** as it pertains to a monetary award.

Defendants' counsel indicated in his briefs that the costs and attorney fees incurred in bringing their motion for sanctions and motion to compel were approximately $1,000. It is found that these are reasonable and Plaintiff and/or his attorney shall pay $1000 to Defendant on or before January 9, 2007.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the

Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

SO ORDERED.

Date: December 20, 2006                           s/Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Marc J. Hollingsworth, Carlos A. Escurel, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

                                s/ James P. Peltier
                                James P. Peltier
                                Courtroom Deputy Clerk
                                U.S. District Court
                                600 Church St.
                                Flint, MI 48502
                                810-341-7850
                                pete_peliter@mied.uscourts.gov